Anthony T. HOOKS, Plaintiff–
Appellant,

v.

TRUCK DRIVERS, CHAUFFEURS
& HELPERS, LOCAL 100,
Defendant–Appellee.

No. 00–3469.

United States Court of Appeals,
Sixth Circuit.

July 9, 2002.

Before SUHRHEINRICH, SILER, and
BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

The plaintiff-appellant, Anthony T.
Hooks, sued the defendant-appellee, Truck

Drivers, Chauffeurs & Helpers, Local 100 (Local), for breach of a 1996 settlement agreement and for violation of the rights guaranteed by 29 U.S.C. § 411. The district court granted the Local's motion for summary judgment ruling that the Local had not violated the settlement agreement and that Hooks's § 411 claim was barred by his failure to exhaust his internal union remedies. We affirm, although as to the § 411 claim, we do so for reasons other than those relied on by the district court.

## I.

Hooks was an employee at PIE Trucking and an active member of the Local. PIE Trucking employees were represented by the Local. In December of 1990, Hooks was elected vice-president of the Local. As a result of his election, Hooks resigned his job at PIE Trucking.

In January of 1993, Hooks lost his re-election bid and was placed on "honorable withdrawal status" pursuant to the Local's bylaws. A person on honorable withdrawal status could again become an active member of the Local by gaining employment with an employer whose employees are represented by the Local. Between January, 1993, and 1995, Hooks claims he submitted over one hundred applications to employers with collective bargaining agreements with the Local and was not hired.

Hooks and another candidate for office, James Beck, sued the Local in November, 1994, over disputes surrounding the 1993 election.[1] The parties to the suits entered into a settlement agreement on May 9, 1996. The settlement agreement provided, in relevant part that: "Upon the effective date of this Settlement, Defendant Local 100 shall allow Plaintiffs, if otherwise eligible for active Union membership, to regain their status as active members of Teamsters Local 100."

In December, 1995, Hooks began employment at Ohio Valley Cartons, Inc. (OVC), a nonunion company. Thereafter, Hooks and other employees began an attempt to organize the workers at OVC. Hooks contacted the organizer for the Local, Homer Mann, for aid in organizing OVC. On May 10, 1996, Hooks, along with three other employees of OVC interested in organizing, met with Mann to begin the organizing campaign. Hooks claims that Mann agreed to send a letter to OVC notifying the company that a union organization committee had been formed and that Hooks was the head of that committee. No organization efforts were actually made by Mann or the Local, however, and Hooks claims that Mann told him that the Local had voted to place OVC in Local 1717's jurisdiction because of the printing work done at OVC.[2] Hooks says he told Mann that the Local had jurisdiction because it had in the past represented companies with printing employees and that OVC had only four out of thirty-two employees working as printers.

Hooks also offered evidence that the leadership of the Local did not want Hooks in the Local and was intentionally trying to keep him from meeting the conditions necessary for Hooks to become a member. For example, Mike Williams, an employee of OVC and fellow organizer with Hooks, offered an affidavit stating—in language we need not quote here—that William Wright, the Local's president, and Pat Eick, the Local's vice-president, did not

---

1. There were also allegations that Hooks and Beck improperly paid themselves severance pay from a Local trust fund.

2. The Local, belonging to the Teamsters, generally represented only truck drivers and other related personnel.

want Hooks in Local 100 and intended to see to it that he was in another union so they would not have to deal with him.

After losing his bid for reelection Hooks continued to attend Local meetings and express his views. In September, 1993, Wright told Hooks that he was not permitted to speak at the meetings because he was on withdrawal status. In September, 1996, Hooks was forbidden to attend Local meetings.

The Local disputes Hooks's claim, supported by affidavits, that the Local kept a preferential hiring list and refused to put his name on it. The Local denied the existence of the list.

Hooks sued the Local on November 26, 1997, alleging jurisdiction under 29 U.S.C. § 412, and asserting two claims: (1) breach of the settlement agreement; and (2) violation of the rights guaranteed by 29 U.S.C. § 411. In his first cause of action, Hooks argued that the Local violated the settlement agreement by failing—through its refusal to help him organize OVC—to allow him to become an active member of the Local. In his second cause of action, Hooks claimed that the Local violated § 411 by failing to place his name on the alleged preferential hiring list and refusing to allow Hooks to attend meetings or take an active part in the meetings.

The district court rejected both of Hooks's claims and granted the Local's motion for summary judgment. The court found that the settlement agreement merely mandated that the Local make Hooks an active member *if* Hooks met all applicable requirements. The agreement did not require the Local to take affirmative steps to aid Hooks in becoming an active member. Since Hooks did not meet the eligibility requirements for active membership, the Local did nothing to violate the agreement. As to Hooks's second claim, the district court ruled that, even

assuming Hooks had stated a claim under § 411, he had failed to exhaust his remedies as required by § 411 prior to his bringing suit in federal court. As a result, Hooks's claim was barred. Hooks appeals both rulings.

## II.

We review de novo a district court's grant of summary judgment using the same standard under Rule 56(c) used by the district court. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir.1999) (en banc). We must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). We review de novo the district court's interpretation of the settlement agreement and its finding that the agreement was not ambiguous. *In re Airline Ticket Comm'n Antitrust Litig.*, 268 F.3d 619, 623 (8th Cir.2001). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

We consider first Hooks's assertion that the Local's refusal to help him organize his employer was a violation of the settlement agreement. We have carefully reviewed the opinion of the district court, the record on appeal, the parties' briefs and the applicable law. We conclude that the district court's opinion carefully and correctly sets out the undisputed facts and the law governing the issues raised, and clearly articulates the reasons underlying its decision, and that the issuance of a full

written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM the grant of summary judgment on Hooks's claim of breach of the settlement agreement.

■ Hooks next assigns as error the district court's conclusion that his claim under 29 U.S.C. § 412 was barred because of his failure to exhaust internal union remedies. Hooks claims that since he could not utilize the Local's internal grievance procedures (because he was not a member) he was exempted from the exhaustion requirement in 29 U.S.C. § 411. The Local argues that because Hooks was not a member, he could not assert claims under § 411, which grants rights only to members of labor organizations.

29 U.S.C. § 411 established what has been labeled the union bill of rights. Section 411 grants to union "members": (1) equal rights and privileges to nominate candidates, vote, attend meetings, and participate in deliberations; (2) the freedom to express views on union business; and (3) the right to sue the union or its officers "[p]rovided, [t]hat any such member may be required to exhaust reasonable hearing procedures … within such organization." 29 U.S.C. § 411. To institute an action under § 411 a person must be a member of the union and have exhausted reasonable internal union remedies. *Holmes v. Donovan,* 984 F.2d 732, 738–39 (6th Cir. 1993).

Membership is defined in 29 U.S.C. § 402(o) to include "any person who has fulfilled the requirements for membership in [a labor] organization, and who neither has voluntarily withdrawn from membership nor has been [properly] expelled or suspended from membership." Hooks does not meet that standard and is therefore not a member able to bring suit under § 412 to enforce § 411 rights. *See United Bhd. of Carpenters & Joiners of Am., Dresden Local No. 267 v. Ohio Carpenters Health & Welfare Fund,* 926 F.2d 550, 556 (6th Cir.1991) ("[Section] 412 confers standing to sue under § 411 only on persons who are members of unions and who enjoy the primary rights of rank and file membership."). After Hooks lost reelection, his membership with the Local ended because he did not obtain employment with an employer whose employees were represented by the Local. The Local's bylaws incorporate the International's rule that "[w]hen a member becomes unemployed in the jurisdiction of the Local Union, he shall be issued an honorable withdrawal card." "A member shall lose his good standing in the organization by acceptance of a withdrawal card." Hooks can only regain membership by regaining employment "at the craft." Once Hooks accepted his withdrawal card after losing his bid for reelection, he was no longer a member able to assert claims under § 411.

Hooks does not present a case where, although he is not officially a member, he has fulfilled all of the requirements necessary for membership and is thus a member in substance if not form. *Brennan v. Local 357, Int'l Bhd. of Teamsters,* 709 F.2d 611, 614 (9th Cir.1983). Instead, Hooks has failed to meet the requirements laid out in the Local's bylaws and the International's constitution to regain membership.

Although the district court granted summary judgment because it found that Hooks had failed to exhaust internal union remedies, this court can affirm on a basis not relied upon by the district court. *Warda v. Comm'r,* 15 F.3d 533, 539 n. 6 (6th Cir.1994). We therefore hold that, having failed to show that he is a member within the meaning of 29 U.S.C. § 402(o), Hooks was not entitled to bring a claim in the district court asserting § 411 rights.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.