Richard THOMASON, Plaintiff,

and

Timothy Evans; Michael Lewis; Michael Ogle, Plaintiffs–Appellants,

v.

AMALGAMATED LOCAL NO. 863; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Defendants–Appellees.

No. 14–3371.

United States Court of Appeals, Sixth Circuit.

Sept. 30, 2015.

BEFORE: NORRIS, SUTTON, and DONALD, Circuit Judges.

## OPINION

ALAN E. NORRIS, Circuit Judge.

Plaintiffs brought this action pursuant to Title I of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(1), alleging that defendants—the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), and UAW Local Union 863—deprived them of their equal right to vote in a union matter that materially affected them. Earlier in this litigation, the district court granted defendants' motion to dismiss on the basis that plaintiffs were not members of Local 863 at the time of the disputed vote. This court reversed and remanded the matter to permit further discovery. *Thomason v. Amalgamated Local No. 863,* 438 Fed.Appx. 358, 363–64 (6th Cir.2011). After remand, the district court granted summary judgment to defendants, again holding that plaintiffs were not members of Local 863 at the time of the vote at issue. We now affirm that decision.

## I.

Plaintiffs were originally hired by Ford Motor Company ("Ford") to work at a facility located in Sharonville, Ohio. Labor relations at that plant were governed by a collective bargaining agreement between Ford and Local 863. The local union also had jurisdiction over a transmission plant in Batavia, Ohio, which was owned by a German company, ZF Friedrichshafen AG ("ZF"), and operated as a joint venture with Ford. ZF employed two sets of workers at the Batavia plant: those borrowed from Ford and ZF's own hires. Both groups shared membership in Local 863. However, they worked under separate collective bargaining agreements with each company.

In 2001, plaintiffs were laid off by Ford. The national agreement between Ford and the UAW provided that laid off union members could transfer to other Ford facilities so that they could protect their seniority and recall rights. The plaintiffs elected to transfer: Timothy Evans and Michael Lewis accepted preferential placements at the Michigan truck facility, which was under the jurisdiction of UAW Local 900; Michael Ogle transferred to the Kentucky truck facility, which was under the jurisdiction of UAW Local 862.

In late 2004, Ford repurchased the Batavia plant from ZF and thereby ended their joint venture. Pursuant to a transition agreement between the UAW and Ford, former ZF employees would retain their accumulated seniority when they became Ford employees. The effect of this provision, which lies at the heart of this appeal, is that a former ZF employee could have greater seniority than an employee who had worked for Ford all along. Plain-tiffs were among the Ford employees adversely affected.

In meetings held on September 20, 2004, by Local 863, ZF employees voted to approve the transition agreement. Ford employees who were Local 863 members were not permitted to vote. Plaintiffs contend that the LMRDA was violated because they were not permitted to participate.

At the time of the vote, plaintiffs were still working at the Michigan and Kentucky Truck facilities respectively. The following month, however, they exercised an option afforded by the national agreement between Ford and the UAW and returned to the Sharonville plant. They were later transferred to the Batavia plant. In 2006 they were laid off despite the fact that they had more seniority with Ford than certain former ZF employees who had benefited from the "retroactive seniority" provision of the transition agreement.

## II.

■ The sole count of the amended complaint alleges a violation of the following section of the LMRDA:

Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

29 U.S.C. § 411(a)(1).[1] The statute defines "member" as follows:

1. Section 411 of the LMDRA "has been labeled the union bill of rights." *Hooks v.* *Truck Drivers, Chauffeurs & Helpers, Local 100,* 39 Fed.Appx. 309, 312 (6th Cir.2002).

"Member" or "member in good standing", when used in reference to a labor organization, includes any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization.

29 U.S.C. § 402(*o*). Members may seek relief for a violation of § 411. 29 U.S.C. § 412; *see United Bhd. of Carpenters & Joiners of Am., Dresden Local No. 267 v. Ohio Carpenters Health & Welfare Fund*, 926 F.2d 550, 556 (6th Cir.1991).

As the definition of "member" quoted above makes clear, unions themselves may establish the requirements for membership. In turn, we owe "substantial deference" to the union's interpretation of its own governing documents unless that interpretation is not "fair or reasonable." *United Food & Commercial Workers Int'l Union Local 911 v. United Food & Commercial Workers Int'l Union*, 301 F.3d 468, 478 (6th Cir.2002) (quoting *United Bhd. of Carpenters & Joiners of Am., Dresden Local No. 267 v. United Bhd. of Carpenters & Joiners of Am., S. Cent. Ohio Dist. Council*, 992 F.2d 1418, 1423 (6th Cir.1993)). Defendants contend that plaintiffs were not members of Local 863 at the time of the contested vote based upon the union's consistent interpretation of its governing documents. We agree.

Article 16, § 19 of the International UAW Constitution provides that unless a laid off worker certifies within six months that "s/he continues to be eligible for good standing membership[,] ... the member shall automatically be noted on the Local Union's records as having been issued an honorable withdrawal transfer card." R. 95–2 at 51; Page ID 3906. According to

Gregory Drudi, who has, as explained further below, authority to interpret the Constitution on behalf of the UAW president, Section 19 "automatically" strips workers of local membership six months after a layoff, absent the required certification. R. 81 at 118 (deposition); Page ID 2393. Plaintiffs do not contend that they sought the required certification; thus, they ceased to be members of Local 863 long before the 2004 vote. Functionally speaking, when the union automatically noted that it had issued the plaintiffs honorable withdrawal transfer cards it was "the equivalent of expulsion from the union." *Thompson v. Office & Prof'l Emps. Int'l Union, AFL–CIO*, 74 F.3d 1492, 1508 (6th Cir.1996). As this court has made clear, a worker placed on "honorable withdrawal status" is "no longer a member able to assert claims under § 411." *See Hooks*, 39 Fed.Appx. at 310–12.

■ In addition, Article IV, § 1 of Local 863's bylaws provides that its membership "shall be composed of workers ... over whom the Local has jurisdiction." R. 69–19 at 30; Page ID 972. Local 863's jurisdiction did not extend to workers in Michigan or Kentucky where the plaintiffs worked at the time of the 2004 vote. As already noted, those areas were under the jurisdiction of other local unions.

In short, the district court properly concluded that plaintiffs were not members of Local 863 on September 20, 2004, when the contested vote occurred. Hence, they are precluded from bringing an action under Section 411 of the LMRDA.

■ Finally, we turn to plaintiffs' contention that the district court erred when it refused to strike the affidavit submitted by Gregory Drudi. Plaintiffs argued below that he had no personal knowledge of the contested vote, and his affidavit was therefore inadmissible. As the district

court observed, however, Mr. Drudi assumed certain facts for the purpose of providing his interpretation of the UAW Constitution regarding voting procedures. R. 131 at 6; Page ID 6682. Since the disputed portions of the affidavit pertain only to voting, striking them would leave undisturbed his observations about the critical element of this appeal: membership in a local union. We agree with the district court that there is nothing in Mr. Drudi's affidavit that requires it to be stricken.

### III.

The judgment is affirmed.